# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BILL DAVIS,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0541** (BOR Appeal Nos. 2047782 & 2047870)
(Claim No. 2010134504)

**JOE BENNETT PLUMBING,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bill Davis, by Reginald D. Henry and Rodney A. Skeens, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Joe Bennett Plumbing, by Jeffrey B. Brannon and Katherine Arritt, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 25, 2013, in which the Board reversed an October 23, 2012, Order of the Workers' Compensation Office of Judges insofar as it authorized lumbar epidural injections. In its Order, the Office of Judges reversed the claims administrator's April 3, 2012, decision denying authorization for lumbar epidural injections. The Board of Review also reversed a September 19, 2012, Order of the Office of Judges insofar as it authorized pain management office visits. In its Order, the Office of Judges modified the claims administrator's June 22, 2012, decision denying Mr. Davis's request for pain management office visits and for the medications Oxy IR and Oxycodone.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The Office of Judges' October 23, 2012, Order also affirmed the claims administrator's October 31, 2011, decision closing the claim for temporary total disability benefits. The Board of Review's April 25, 2013, decision affirmed this aspect of the Office of Judges' Order. On appeal, Mr. Davis has not requested additional temporary total disability benefits.

1

Mr. Davis worked for Joe Bennett Plumbing. On April 2, 2010, while carrying buckets of concrete, Mr. Davis experienced a sudden onset of pain in his lower back and left leg. Following the injury, an MRI was taken of his lumbar spine which showed degenerative disc disease at L3-4 and L4-5. The MRI also showed a bulging disc at L3-4 and L4-5. The claims administrator held the claim compensable for a lumbar sprain and, in several separate decisions, refused to add various other lower back diagnoses to the claim, including left S1 radiculopathy, spondylosis, and lumbar degenerative disc disease. Mr. Davis did not protest these decisions. The claims administrator also granted Mr. Davis several different periods of temporary total disability benefits. Mr. Davis was then treated by Barry K. Vaught, M.D., who found that he had reached his maximum degree of medical improvement. Dr. Vaught also found evidence of lumbosacral radiculopathy and recommended that Mr. Davis receive pain management treatment for this condition. On October 31, 2011, the claims administrator closed the claim for temporary total disability benefits based on Dr. Vaught's report. Saghir R. Mir, M.D., then performed an independent medical evaluation of Mr. Davis and found that he had lumbar radiculopathy and spondylosis with nerve compression. Dr. Mir indicated that these conditions were related to the compensable injury. Dr. Mir recommended that Mr. Davis receive additional pain management visits, lumbar epidural injections, and Oxycodone to treat his compensable injury. On April 3, 2012, the claims administrator denied Mr. Davis's request for lumbar epidural injections. On June 22, 2012, the claims administrator also denied Mr. Davis's request for pain management office visits and the medication Oxy IR and Oxycodone. Prasadarao B. Mukkamala, M.D., then performed a records review and determined that a lumbar sprain was the only compensable condition of the claim. Dr. Mukkamala agreed with Dr. Mir that Mr. Davis had reached his maximum degree of medical improvement with respect to this condition. Dr. Mukkamala further determined that Mr. Davis should not be granted additional opioid medications. On September 19, 2012, the Office of Judges modified the claims administrator's June 22, 2012, decision and authorized the request for additional pain management office visits. The Office of Judges affirmed the claims administrator's denial of the medications Oxy IR and Oxycodone. On October 23, 2012, the Office of Judges affirmed the claims administrators' October 31, 2011, decision. The Office of Judges also reversed the claims administrator's April 3, 2012, decision and authorized Mr. Davis's request for lumbar epidural injections. On April 25, 2013, the Board of Review reversed the September 19, 2012, Order of the Office of Judges insofar as it authorized the request for pain management office visits. The Board of Review also reversed the Office of Judges' October 23, 2012, Order insofar as it authorized lumbar epidural injections. The Board of Review affirmed the remainder of both Orders of the Office Judges.

In its September 19, 2012, Order, the Office of Judges concluded that Mr. Davis was entitled to continuing periodic pain management office visits. The Office of Judges based this determination on the report of Dr. Mir, who found that Mr. Davis had radiculopathy related to his compensable injury. The Office of Judges also considered the opinion of Dr. Mukkamala, but found his opinion less persuasive than Dr. Mir's. The Office of Judges, however, concluded that Mr. Davis should not be prescribed Oxy IR or Oxycodone because West Virginia Code of State Rules § 85-20-53 (2006) only provided for short-term authorization for opioid medication.

In its October 23, 2012, Order, the Office of Judges concluded that Mr. Davis demonstrated that he was entitled to lumbar epidural steroid injections. The Office of Judges found that the medical records showed that Mr. Davis suffered from ongoing radiculopathy and that the requested injections were related to that condition. The Office of Judge, however, concluded that Mr. Davis did not demonstrate that he was entitled to additional temporary total disability benefits. The Office of Judges based this determination on the reports of Dr. Mir and Dr. Mukkamala. It found that Mr. Davis did not continue to be disabled after his claim was closed.

The Board of Review concluded that the Office of Judges' Orders were clearly wrong insofar as they authorized pain management office visits and lumbar epidural injections. The Board of Review found that the claims administrator had frequently denied adding additional lumbar conditions to the claim, including the diagnoses of left S1 radiculopathy and spondylosis. It found that Mr. Davis did not protest these decisions. Since a lumbar sprain was the only compensable condition of the claim, the Board of Review determined that the pain management office visits and lumbar epidural injections, which were related to Mr. Davis's radiculopathy, were not needed to treat the compensable injury.

Mr. Davis has limited his appeal to a request of authorization for additional pain management office visits and lumbar epidural injections. Mr. Davis argues that treatment requests are related to S1 radiculopathy, which he asserts is directly related to his compensable injury.

We agree with the conclusions of the Board of Review. Mr. Davis has not demonstrated that the requested pain management office visits and lumbar epidural injections are medically related and reasonably required to treat his compensable injury. The evidence in the record shows that the requested treatments are related to non-compensable conditions, including lower back radiculopathy. The only compensable condition in the claim is a lumbar strain. The opinions of Dr. Mir and Dr. Mukkamala demonstrate that Mr. Davis has reached his maximum degree of medical improvement with respect to this condition. The record does not support Mr. Davis's need for additional treatment in relation to his April 2, 2010, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum